IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00259-MSK-MEH

LILY BARONE LEMBERG Deceased from Defendants, and
ANN LEMBERG; Next of kin and Next friend to Deceased,

Plaintiffs,

v.

TUUK *et al.*,
DAVID TUUK (RMC),
DONALD LEFKOWITZ (RMC),
CHRISTINA CHAUDRI (RMC),
MARK LINK (RMC),
ALAN COHEN (RMC),
CHARLES INVESTOR (RMC),
KELLY GREEN (UCHSC),
ANDREW ZILLER (RMC),
CALLE BEAUDRY (RMC),
ROSE MEDICAL CENTER,
HEALTH ONE LLC,
CAREPOINT PHYSICIANS,
VISITING NURSE ASSOCIATION,
TAMI (Unknown Last Name) R.N.,
NATASHA ROCHLIN,
ELLEN KRIEMAN R.N.,
MARY ECKART (VNA),
CHRISTINA BERNAL (VNA),
SANDY FRAGLIASSO (VNA),
HOLLY WEISSMANN (VNA),
MARGO ALLMAN,
DENISE ALLISON,
STUART KUTZ,
DAVID STEINHOFF,
JEWISH FAMILY SERVICE,
PAT STEIN (JFS),
MARY DAVIS (JFS),
ALLIED JEWISH APARTMENTS,
MELANIE SWAIN (AA),
DENVER POLICE DEPARTMENT DISTRICT THREE,

DENVER HEALTH PARAMEDICS,
CITY OF DENVER DEPARTMENT OF SOCIAL SERVICES,
CAROL MOORE (DSS),
DORIS PUGA (DSS),
BARBARA SIMON (DSS),
DAVE BARNHARDT (DSS),
CITY AND COUNTY OF DENVER,
CLAUDIA JORDAN (CCD), and
JEAN STEWART (CCD),

Defendants.

ORDER STRIKING COMPLAINT AND
DIRECTING FILING OF AMENDED COMPLAINT

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Plaintiff Ann Lemberg ("Plaintiff") is a pro se litigant who has filed a five-page Complaint, requesting compensatory and punitive damages against the above-named Defendants for the death of Lily Barone Lemberg. Plaintiff alleges jurisdiction for this action before this Court under a variety of federal statutes. Although this Court must construe Plaintiff's pro se pleadings liberally, she must follow the rules of federal civil procedure, including Fed.R.Civ.P. 8. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Rule 8(a)(2) provides that "[a] pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, shall contain . . .(2) a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) also requires minimal factual allegations on the material elements that must be proven to recover on each of the Plaintiff's claims. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The statements of the Complaint need not be factually detailed; however, they must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

With regard to the pleading giving notice of the claim and the grounds upon which it rests, it is clear that

> the rules do contemplate a statement of circumstances, occurrences, and events in support of the claim being presented. Of course, great generality in the statement of these circumstances will be permitted as long as defendant is given fair notice of what is claimed; nonetheless, Rule 8(a)(2) does require that the pleader disclose adequate information concerning the basis of his claim for relief as distinguished from a bare averment that he wants relief and is entitled to it.

5 C. Wright & A. Miller, Federal Practice and Procedure 3d § 1215, at 112-13 (1969). With regard to the "short and plain statement" requirement of Rule 8(a)(2), the Tenth Circuit has stated "[i]ndeed, the only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." *Blazer v. Black*, 196 F.2d 139, 144 (10th Cir. 1952) (citations omitted).

In this case, the paragraphs of Plaintiff's Complaint fail to specify facts upon which this Court can make an initial determination that jurisdiction is appropriate under the statutory provisions pled by the Plaintiff. She has also failed to clearly identify the causes of action she seeks to bring against the various named Defendants or provide a short and plain statement which would give the Defendants fair notice of the basis of any claims for which the Plaintiff seeks relief against them, so that they may respond, or to allow this Court to conclude that the allegations, if proven, show Plaintiff in this case is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989). Instead, the Plaintiff basically just compiles a narrative of how she feels aggrieved by the Defendants, rather than a simple, concise, and direct assertion of her claims as required by Fed.R.Civ.P. 8(e)(1). Even liberally construed, the Complaint in this case is incomprehensible in providing a basis for the relief Plaintiff

seeks. *See Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir. 1996). It is not the role of either the Court or the Defendants to sort through a Complaint in order to construct a cause of action for the Plaintiff. *See Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371-72 (10th Cir. 1989).

The Complaint fails to satisfy the requirements of Rule 8. This lawsuit cannot proceed without a Complaint filed by the Plaintiff that contains a short and plain statement of the Plaintiff's claims, as required by Fed. R. Civ. P. 8. In its present form, the Complaint is subject to dismissal because it is vague and conclusory, and because it does not comply with Rule 8. Accordingly, the Complaint shall be stricken from the record, and the Plaintiff directed to file an Amended Complaint which complies with Fed. R. Civ. P. 8. *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2nd Cir. 1995) (when a complaint fails to comply with the requirements of Fed.R.Civ.P. 8, the district court has the power to *sua sponte* dismiss or strike the pleading); *see also McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996).

## CONCLUSION

Based on the foregoing discussion, it is ORDERED that the Plaintiff's Complaint, filed February 15, 2006 [Docket #1], is **stricken** because it does not comply with Rule 8.

Further, it is ORDERED that the Plaintiff shall have until **Thursday, March 23, 2006**, to file an Amended Complaint that complies with the requirements of Fed.R.Civ.P. 8. The Plaintiff is warned that this case is subject to dismissal if she fails to file such an Amended Complaint.

Dated at Denver, Colorado, this 21st day of February, 2006.

                                                    BY THE COURT:

                                        s/ Michael E. Hegarty
                                        Michael E. Hegarty
                                        United States Magistrate Judge