IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00259-MSK-MEH

LILY BARONE LEMBERG Deceased from Defendants, and
ANN LEMBERG; Next of kin and Next friend to Deceased,

Plaintiffs,

v.

TUUK *et al.*,
DAVID TUUK (RMC),
DONALD LEFKOWITZ (RMC),
CHRISTINA CHAUDRI (RMC),
MARK LINK (RMC),
ALAN COHEN (RMC),
CHARLES INVESTOR (RMC),
KELLY GREEN (UCHSC),
ANDREW ZILLER (RMC),
CALLE BEAUDRY (RMC),
ROSE MEDICAL CENTER,
HEALTH ONE LLC,
CAREPOINT PHYSICIANS,
VISITING NURSE ASSOCIATION,
TAMI (Unknown Last Name) R.N.,
NATASHA ROCHLIN,
ELLEN KRIEMAN R.N.,
MARY ECKART (VNA),
CHRISTINA BERNAL (VNA),
SANDY FRAGLIASSO (VNA),
HOLLY WEISSMANN (VNA),
MARGO ALLMAN,
DENISE ALLISON,
STUART KUTZ,
DAVID STEINHOFF,
JEWISH FAMILY SERVICE,
PAT STEIN (JFS),
MARY DAVIS (JFS),
ALLIED JEWISH APARTMENTS,
MELANIE SWAIN (AA),
DENVER POLICE DEPARTMENT DISTRICT THREE,
DENVER HEALTH PARAMEDICS,
CITY OF DENVER DEPARTMENT OF SOCIAL SERVICES,

CAROL MOORE (DSS),
DORIS PUGA (DSS),
BARBARA SIMON (DSS),
DAVE BARNHARDT (DSS),
CITY AND COUNTY OF DENVER,
CLAUDIA JORDAN (CCD), and
JEAN STEWART (CCD),

Defendants.

RECOMMENDATION FOR DISMISSAL

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

By Order of Reference to Magistrate Judge, filed February 16, 2006, this lawsuit was referred to this Court to conduct proceedings under Fed.R.Civ.P. 16(b) and D.C.COLO.LCivR 16.2 (Docket #4). Because it appears from the face of the pleadings on file herein that the Court lacks jurisdiction over the lawsuit, however, conducting pretrial case management proceedings would be futile. Whether this Court has jurisdiction over this matter is an issue which the Court should address before allowing the case to proceed. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *see also Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (court has a duty to determine subject matter jurisdiction *sua sponte*). Accordingly, it is **recommended** that this lawsuit be dismissed, in its entirety, without prejudice.

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to

proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

On February 15, 2006, Plaintiff Ann Lemberg ("Plaintiff"), a *pro se* litigant, filed a five-page Complaint, requesting compensatory and punitive damages against the above-named Defendants for the death of her mother, Lily Barone Lemberg (Docket #1). Plaintiff alleged jurisdiction for this action before this Court under a variety of federal statutes. On February 21, 2006, the Court struck the Complaint for failure to comply with Fed.R.Civ.P. 8, and allowed the Plaintiff the opportunity to file an Amended Complaint (Docket #7).

On March 24, 2006, the Plaintiff, still proceeding *pro se,* filed a 30-page Amended Complaint with approximately 71 pages of attachments (Docket #9). In the last four pages of the Amended Complaint, the Plaintiff delineates five claims for relief: (1) fraud and conspiracy to interfere with the federally protected rights of Lily Lemberg; (2) willful infliction of emotional distress upon Lily Lemberg and the Plaintiff; (3) a request for the death penalty against Defendant David Tuuk for murdering Lily Lemberg; (4) deprivation of privileges of the professionals for the racketeering and deprivation of Lily Lemberg's rights and Medicare fraud committed against Lily Lemberg; and (5)

punitive damages to the Plaintiff and criminal prosecution against the Defendants. Based on a lack of standing and other deficiencies apparent from the Amended Complaint, the Court issued an Order to Show Cause directing the Plaintiff to either provide the Court with documentation to demonstrate that she has been appointed as the personal representative of the estate of Lily Lemberg or to otherwise show cause, in writing and filed with the Court, why her Amended Complaint should not be dismissed based upon a lack of jurisdiction (Docket #10). The Plaintiff has filed her responses in this regard (Dockets #14 and #17). However, the responses fail to demonstrate the cause necessary to preclude dismissal of this case. Because the Plaintiff is proceeding without counsel, the Court must construe her pleadings and other filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Although the Court must liberally construe *pro se* pleadings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## DISCUSSION

The first issue which arises under the Amended Complaint is that criminal statutes do not provide for private civil causes of action. *See generally Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (holding that private citizens cannot compel enforcement of criminal law); *Newcomb v. Ingle*, 827 F.2d 675, 677 n. 1 (10th Cir. 1987) (noting that 18 U.S.C. § 241 does not authorize a private right of action); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (same); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute criminal proceedings.").

Second, with regard to the Plaintiff's attempts to champion the federally protected rights of Lily Lemberg, Plaintiff has failed to demonstrate that she has standing to bring such claims. A civil rights action "must be based on the violation of plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990). In *Archuleta*, the Tenth Circuit held that a child lacked standing to bring a civil rights claim based on the alleged violation of his father's constitutional rights and that the child, who was not the object of the alleged constitutional violations, could not assert a deliberate deprivation of his own rights. *Id*. at 496-98. These same considerations apply to Plaintiff's claims in this case. Arguably, the Plaintiff could bring such a claim as the appointed personal representative of Lily Lemberg's estate. *See Carter v. City of Emporia*, 543 F. Supp. 354, 356-57 (D. Kan. 1982). However, the Plaintiff does not allege -- and nothing contained within the documentation she has submitted to the Court indicates -- that she has been appointed as personal representative. Specifically, the documentation in the record demonstrates that Plaintiff's "Petition to be Named Personal Representative of Lily Barone Lemberg" was dismissed by the 20th Judicial District, Boulder, Colorado, on March 22, 2006, based on a failure to pay the required filing fee (Docket #14-2, p. 19). Without a valid appointment as personal representative by a court having jurisdiction over her mother's estate/probate, the Plaintiff lacks standing in this matter. Finally, although the Plaintiff may have a right to sue for the wrongful loss of a family member, such claims arise under state law and should be brought in state court. Federal civil rights laws do not impose liability "for violations of duties of care arising out of tort law." *Archuleta*, 897 F.2d at 496.

With regard to the tort claims on behalf of Lily Lemberg which may have survived her death, the personal representative of a decedent's estate stands in the decedent's shoes for purposes of

5

having authority to bring such a suit. *Publix Cab Co. v. Colorado National Bank*, 338 P.2d 702 (Colo. 1959) (an estate, not the deceased, is the real beneficiary of the surviving cause of action, which serves to compensate the estate for the losses it has incurred); *see also* COLO. REV. STAT. § 13-20-101. A personal representative "owns the action for the benefit of the estate." *Salazar v. Dowd*, 256 F. Supp. 220, 223 (D. Colo. 1966). As previously discussed, there is no evidence that the Plaintiff has been appointed as the legal representative of Lily Lemberg's estate.

Standing is a threshold issue and jurisdictional prerequisite for maintaining a case in a federal forum. *See United States v. McVeigh*, 106 F.3d 325, 334 (10th Cir. 1997). From the Amended Complaint filed by the Plaintiff, it appears that she lacks standing to bring the claims she seeks to prosecute in this Court except for possibly the claim of infliction of emotional distress, which she alleges was committed personally against her. Such a claim would arise under state tort law, and this Court would maintain jurisdiction over such a claim only under supplemental jurisdiction authority to the extent that any federal claims survive legal challenge and this Court exercises its discretion to apply supplemental jurisdiction. *See City of Chicago v. International College of Surgeons*, 522 U.S. 156, 177 (1997) (stating that because the district court had original jurisdiction over the plaintiff's claims arising under federal law, the district court "thus court exercise supplemental jurisdiction over the accompanying state law claims so long as those claims constitute 'other claims that . . . form part of the same case or controversy.'") (quoting 28 U.S.C. § 1367(a)). Plaintiff appears to have no federal claims which she can maintain in this Court, and therefore, jurisdiction over any state law claims also appears to be lacking.

## **CONCLUSION**

Based on the foregoing discussion, and the pleadings on file herein, it is **recommended** that this lawsuit be dismissed, in its entirety and without prejudice.[1]

Dated at Denver, Colorado, this 27th day of April, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] *See Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1216-17 (10th Cir. 2002) (finding that a dismissal for lack of jurisdiction does not address the merits of a claim, and is therefore without prejudice).