IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00259-MSK-MEH

LILY BARONE LEMBERG Deceased from Defendants, and
ANN LEMBERG; Next of kin and Next friend to Deceased,

       Plaintiffs,

v.

TUUK et al.,
DAVID TUUK (RMC),
DONALD LEFKOWITZ (RMC),
CHRISTINA CHAUDRI (RMC),
MARK LINK (RMC),
ALAN COHEN (RMC),
CHARLES INVESTOR (RMC),
KELLY GREEN (UCHSC),
ANDREW ZILLER (RMC),
CALLE BEAUDRY (RMC),
ROSE MEDICAL CENTER,
HEALTH ONE LLC,
CAREPOINT PHYSICIANS,
VISITING NURSE ASSOCIATION,
TAMI (Unknown Last Name) R.N.,
NATASHA ROCHLIN,
ELLEN KRIEMAN R.N.,
MARY ECKART (VNA),
CHRISTINA BERNAL (VNA),
SANDY FRAGLIASSO (VNA),
HOLLY WEISSMANN (VNA),
MARGO ALLMAN,
DENISE ALLISON,
STUART KUTZ,
DAVID STEINHOFF,
JEWISH FAMILY SERVICE,
PAT STEIN (JFS),
MARY DAVIS (JFS),
ALLIED JEWISH APARTMENTS,
MELANIE SWAIN (AA),
DENVER POLICE DEPARTMENT DISTRICT THREE,
DENVER HEALTH PARAMEDICS,

CITY OF DENVER DEPARTMENT OF SOCIAL SERVICES,
CAROL MOORE (DSS),
DORIS PUGA (DSS),
BARBARA SIMON (DSS),
DAVE BARNHARDT (DSS),
CITY AND COUNTY OF DENVER,
CLAUDIA JORDAN (CCD), and
JEAN STEWART (CCD)

       Defendants.

**ORDER ADOPTING RECOMMENDATION AND
DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE**

THIS MATTER comes before the Court on the Magistrate Judge's Recommendation **(#20)** that the Court dismiss the Plaintiffs' Claims. The Plaintiff filed a document entitled "Motion for Court to Stay Presentation of Amended (2nd) Complaint that Complies with Rule 7, and Presentation of Arguments to Maintain Federal Court Jurisdiction on Lemberg v. Tuuk, Until June 12, 2006, and to Grant IFP Status and Appoint Pro Bono Counsel." **(#29)**. Although such document is an independent motion, the Court also treats it as an Objection to the Recommendation and refers to it herein as the Motion/Objection. Having considered the Recommendation *de novo*, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

For purposes of determining the pending matter, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

## II. Background

Ann Lemberg ("Ms. Lemberg"), on her own behalf and on behalf of her deceased mother, Lily Barone Lemberg, commenced this action on February 15, 2006. Because her Complaint did not comply with Fed. R. Civ. P. 8, the Magistrate Judge ordered it stricken and directed the filing of an Amended Complaint. Ms. Lemberg filed her Amended Complaint on March 24, 2006.

Claim 1 alleges the violation of Lily Lemberg's federal rights. Claim 2 alleges that the Defendants intentionally inflicted emotional distress upon Lily Lemberg and Ms. Lemberg. Claim 3 requests imposition of the death penalty or life imprisonment against David Tuuk for his alleged murder of Lily Lemberg. Claim 4 requests "the deprivation of privileges of the professionals involved in the racketeering and deprivation" of Lily Lemberg's rights, as well as the return of money fraudulently obtained. Claim 5 seeks compensatory and punitive damages.

The Magistrate Judge directed Ms. Lemberg to show cause why her claims should not be dismissed for lack of subject matter jurisdiction. **(#10)**. He stated that Ms. Lemberg could not assert private causes of action premised upon federal criminal statutes, and that she lacked standing to assert claims on behalf of Lily Lemberg because there was no allegation or demonstration that she was the appointed personal representative of Lily Lemberg's estate. He also determined that Ms. Lemberg appeared to have standing to assert only the claim for the infliction of emotional distress, but that the Court should decline supplemental jurisdiction over such claim. He therefore directed Ms. Lemberg to either provide the Court with documentation of her status as personal representative for Lily Lemberg's estate, or to otherwise show cause why her Amended Complaint should not be dismissed for lack of jurisdiction.

Ms. Lemberg filed a response **(#14)** and supplement **(#17).** She acknowledged that the

federal criminal statutes cannot support her causes of action and requested leave to file a Second Amended Complaint. She also submitted documentation demonstrating that she requested the Boulder District Court to appoint her as personal representative of the estate, but submitted no documentation indicating such appointment ever occurred. Instead, her documentation indicates that her request to be appointed personal representative was denied by Boulder District Judge Daniel Hale.

The Magistrate Judge considered the response and supplement. Based thereon, he determined that Ms. Lemberg had failed to show the requisite cause, as ordered. He therefore recommends that Ms. Lemberg's claims be dismissed.

Since then, Ms. Lemberg filed her Motion/Objection. Only the caption of the Motion/Objection requests any relief; its contents describe Ms. Lemberg's recent eviction, her assets, her intention to file an appropriate motion for *in forma pauperis* status, and her status in the Boulder District Court probate case. It has numerous attachments, including a Notice of Hearing from the Boulder District Court setting a hearing on Ms. Lemberg's request to be appointed personal representative for June 29, 2006. There is also an order from Judge Daniel Hale reinstating the probate case which he previously dismissed.

Ms. Lemberg filed no Second Amended Complaint on June 12, 2006. Instead, she filed another motion for an extension of time to allow her to "sustain the federal court jurisdiction for [her] mother's wrongful death."

### III. Issue Presented

The issue presented is whether the Court should adopt the Recommendation and dismiss Ms. Lemberg's claims.

### IV. Standard of Review

Pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), a party may object to any portion of a Magistrate Judge's recommendation by filing specific objections within 10 days of the party's receipt of the recommendation. When timely objections have been filed, the district court must review *de novo* the specific conclusions of the Magistrate Judge to which objections have been directed. 28 U.S.C. § 636(b)(1)(C); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996). However, when no objections are filed, a court may apply whatever standard of review it deems appropriate. *See Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991)

Because Ms. Lemberg is *pro se*, the Court has liberally construed her filings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court is not required to be her advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### V. Analysis

The Magistrate Judge's ruling is not clearly erroneous. Ms. Lemberg cannot assert civil claims for the purpose of seeking imposition of criminal penalties. In addition, for Ms. Lemberg to assert claims on behalf of Lily Lemberg's estate, she must have standing to do so. She has made no demonstration of her capacity to act on behalf of the estate. Rather, her filings show that she is still attempting to be appointed as personal representative of her mother's estate, and there is no guarantee that the state court will grant such request. At this time, Ms. Lemberg has not demonstrated that she can proceed on claims over which this court can exercise jurisdiction. If, in the future, she is able to assert claims over which this Court can exercise jurisdiction, a new action may be filed.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation (**#20**) is

**ADOPTED**.  This action is **DISMISSED**, without prejudice, and the Clerk of Court is directed to close this case.

Dated this 13th day of June, 2006

**BY THE COURT:**

Marcia S. Krieger
United States District Judge